UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIVA AKULA | CIVIL ACTION |
| VERSUS | NO. 23-1057 |
| BERNARD CASSIDY, ET AL. | SECTION: "P" (5) |

## ORDER AND REASONS

Before the Court are several motions to dismiss filed by the following defendants, respectively: Katie McHugh;[1] Vaschelle Hastings;[2] Bernard Cassidy;[3] Kelly Melech Anderson;[4] Jeffrey Landry and Ernest Green;[5] Rachel Murphy;[6] Elizabeth Seymour;[7] and Xavier Becerra[8] (collectively, "Moving Defendants"). *Pro se* Plaintiff, Shiva Akula, filed opposition memoranda to most, but not all, of these motions.[9] For the following reasons, the Court finds the Moving Defendants' motions should be granted, and the Court dismisses without prejudice Plaintiff's claims against all defendants.

---

[1] R. Doc. 58.
[2] R. Doc. 62.
[3] R. Doc. 63.
[4] R. Doc. 67.
[5] R. Doc. 72.
[6] R. Doc. 80.
[7] R. Doc. 83.
[8] R. Doc. 123.
[9] *See* R. Docs. 90–93, 96, 114. Plaintiff did not file any opposition to *pro se* Defendant Vaschelle Hastings' motion (R. Doc. 62) or Defendant Xavier Becerra's motion (R. Doc. 123). The Court notes, however, that Defendant Hastings' motion simply stated that she "moves to dismiss the Plaintiff's Claims for Relief in the Complaint 2:23-cv-1057 for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)." *See* R. Doc. 62. The motion was not accompanied by a memorandum in support or any other argument in support of her motion. *See id.* The Court also notes that Defendant Becerra's motion was filed months after the other motions to dismiss that Plaintiff did oppose, and unlike the other motions to dismiss, Defendant Becerra's motion was filed after Plaintiff's criminal trial and conviction discussed herein.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Shiva Akula originally instituted this action in January 2023.[10] In May 2023, Plaintiff filed his "Corrected Amended Complaint for Damages," wherein he names 14 defendants and alleges they have formed a criminal enterprise for varying purposes, all of which include harming the Plaintiff for their own benefit.[11] At the time he filed his Amended Complaint, Plaintiff was under an active criminal indictment for health-care fraud in another section of this Court.[12] Plaintiff alleges all 14 defendants, through their respective roles in the enterprise, were working together to secure a false conviction in the criminal case against him.[13] Plaintiff claims the defendants are liable to him under federal and state law. His federal law claims consist solely of violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq.*[14] He also asserts pendent, state-law claims for fraud, violations of the Louisiana Racketeering Act, and unjust enrichment.[15]

---

[10] R. Doc. 1.
[11] R. Doc. 40; *see also* Pl.'s RICO Case Statement, R. Doc. 54 at 13–14 ("The purpose of the scheme was to illicitly and illegally enrich some of the Defendants at the expense of Plaintiff, (Defendants Anderson, Nikita Murphy, Rachel Murphy, Hastings, Seymour, Williams, Augustine, Banks, Cassidy and Toale), and for others the purpose of the scheme was to illegally enhance, financially enrich themselves and promote their professional careers as government employees by securing a false conviction in a health care fraud case against a physician (Defendants Landry, Becerra, McHugh, and Green). The purpose of the scheme was to illicitly and illegally keep Defendant McHugh's star witnesses, who were the perpetrators in the state criminal case, as "clean", unencumbered as possible at least until the federal criminal trial would be concluded in US v. Akula.").
[12] R. Doc. 40 at 16; *see also United States v. Akula*, No. 2:21-cr-00098-LMA-KWR, ECF No. 1 (E.D. La. Aug. 1, 2021).
[13] R. Doc. 40 at 2, 25, 28, 31.
[14] R. Doc. 40 at 26–40 (citing 18 U.S.C. §§ 1962, 1964).
[15] R. Doc. 40 at 41–55.

After all but one of the motions to dismiss currently pending before the Court were fully briefed, Plaintiff was tried and convicted of 23 counts of health-care fraud in violation of 18 U.S.C. § 1347 in the criminal action against him.[16] The Moving Defendants seek dismissal of Plaintiff's claims against them on various grounds, including Plaintiff's failure to state a claim upon which relief can be granted due to the insufficiency of the allegations alone, certain defendants' immunity from suit pursuant to the doctrines of absolute, qualified, or sovereign immunity, and because Plaintiff's claims are now barred under *Heck v. Humphrey*.[17]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[18] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[20] The court need not, however, accept as true legal conclusions couched as factual allegations.[21] To be legally sufficient, a complaint must establish more than a "sheer possibility" the plaintiff's claims are true.[22] If it is apparent from the face of the complaint that an

---

[16] *United States v. Akula*, No. 2:21-cr-00098-LMA-KWR, ECF No. 339 (E.D. La. Nov. 6, 2023).
[17] *See* R. Docs. 58, 62, 63, 67, 72, 80, 83, 123.
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[19] *Id.*
[20] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[21] *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.
[22] *Id.*

insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.[23] Generally, the court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[24] Relevant here, however, "[f]ederal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss."[25]

## III.  LAW AND ANALYSIS

### A.  Federal RICO Claims

Plaintiff asserts his federal RICO claims in Counts One and Two of his Amended Complaint.[26] In particular, he alleges all named defendants are liable to him for violations of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d). According to Plaintiff, Defendants conspired to, and did in fact, knowingly and willfully conduct and/or participate in a pattern of racketeering activities including, but not limited to: (1) the "retaliatory criminal investigation that began once the Secretary of Health and Human Services had to settle with Dr. Akula for a large sum of money," (2) the "cover up of state crimes involving a massive payroll fraud scheme . . . so that the perpetrators of the state crime could still be reliably used as star witnesses in the federal case against Dr. Akula," (3) the "false testimony by the state perpetrators in exchange for providing them shield and immunity in their state crimes involving the massive payroll fraud scheme," and (4) the threats of retaliation and witness tampering to ensure Dr. Akula could not receive assistance from

---

[23] *Lormand*, 565 F.3d at 255–57.
[24] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[25] *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).
[26] R. Doc. 40 at 26 (Count One), 38 (Count Two).

4

two individuals whose assistance "was crucial and critical for Dr. Akula in his criminal case"—all for the sake of securing a conviction in the criminal action against him.[27] The named defendants include the Assistant United States Attorney prosecuting the criminal case against Akula, the Secretary of the Department of Health and Human Services, numerous employees (and "fake employees") that participated in the alleged payroll fraud scheme, the Louisiana Attorney General and a criminal investigator for the State who decided not to prosecute the payroll fraud scheme, and two of Akula's former attorneys who represented him in the criminal action but were withdrawn as counsel prior to the criminal trial.[28]

In *Heck v. Humphrey*, the Supreme Court established that, before ruling on a Section 1983 claim to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[29] Courts have found that the *Heck* bar is not limited to Section 1983 claims but extends to other claims as well, including RICO claims.[30]

Here, there is no doubt that a judgment in favor of Plaintiff on his RICO claims would necessarily imply the invalidity of his criminal conviction. Indeed, Plaintiff Akula

---

[27] R. Doc. 40 at 26–40.
[28] R. Doc. 40 at 2–5.
[29] 512 U.S. 477, 486–87 (1994).
[30] *See Ray v. Recovery Healthcare Corp.*, No. 3:19-CV-3055-G, 2022 WL 504454, at *5 (N.D. Tex. Feb. 18, 2022), *aff'd*, No. 22-10303, 2022 WL 16945898 (5th Cir. Nov. 15, 2022) (collecting cases).

himself alleges the purpose of the criminal enterprise, at least in part, was to secure a false conviction against him.[31] Thus, Plaintiff's RICO claims are *Heck*-barred unless he can show that his conviction has already been invalidated, e.g., that the conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus.[32] Plaintiff Akula fails to do. Accordingly, his RICO claims must be dismissed.

Because the allegations that support Plaintiff's RICO claims apply equally to all defendants, it necessarily follows that if the RICO claims against one defendant are barred by *Heck*, the RICO claims against all named defendants are *Heck*-barred. Therefore, as to any defendant, moving or non-moving, who did not raise the argument that Plaintiff's RICO claims against them should be dismissed as barred by *Heck*, the Court dismisses the claims against those defendants *sua sponte*. The Court finds *sua sponte* dismissal is appropriate because Plaintiff had an opportunity to respond to the *Heck* argument and because the *Heck* argument applies equally to Plaintiff's RICO claims against all defendants.[33]

---

[31] R. Doc. 40 at 31.
[32] *Heck*, 512 U.S. at 487.
[33] *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) ("We have held that a district court is authorized to consider the sufficiency of the complaint on its own initiative. . . . And if the court finds the complaint fails to state a claim, it may dismiss as long as the procedure employed is fair.") (internal citations and quotations omitted).

Defendant Becerra's motion to dismiss, which raised the *Heck* challenge, was filed on November 22, 2023, and set for submission on December 13, 2023. *See* R. Docs. 123, 123-1. The motion includes a certification that it was served upon Plaintiff Akula via first-class United States mail at the address he provided for service. R. Doc. 123 at 2. As of the date of this order and reasons, Plaintiff Akula has not filed a response to the motion.

### B. State-Law Claims

Because there is no diversity of citizenship between the parties in in this case, the Court's exercise of jurisdiction over Plaintiff's state-law claims is supplemental to the Court's original jurisdiction over Plaintiff's federal-law claims.[34] As explained above, however, Plaintiff's federal-law claims are barred by *Heck* and must be dismissed. And under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

Guided by the statutory factors set forth in Section 1367(c) and the common law considerations of judicial economy, convenience, fairness, and comity, the Court finds it appropriate to decline jurisdiction over Plaintiff's remaining state-law claims.[35] Although Plaintiff's claims have been pending for thirteen months, this proceeding is still at a relatively early stage. Not all defendants have made appearances in the record, nor is there any evidence that Plaintiff has even served all of the named defendants. Moreover, there is no evidence that any party or the Court have expended significant resources in this litigation such that there is a risk of duplicative litigation in state court. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claims (Counts Three through Ten) and dismisses Plaintiff's state-law claims without prejudice.

---

[34] *See* 28 U.S.C. § 1367.
[35] *Contra id.* ("Our case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands suit after significant amount of judicial resources in the litigation . . . the court has abused its discretion under 28 U.S.C. § 1367.") (collecting cases).

## IV.  CONCLUSION

For all the foregoing reasons,

**IT IS ORDERED** that the Moving Defendants' motions to dismiss (R. Docs. 58, 62, 63, 67, 72, 80, 83, 123) are **GRANTED**, insofar as they seek the dismissal of Plaintiff's claims against them without prejudice.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims (R. Doc. 40) are **DISMISSED WITHOUT PREJUDICE**.  Counts One and Two are *Heck*-barred, and the Court declines to exercise supplemental jurisdiction over the remaining state-law claims asserted in Counts Three through Ten.

**IT IS FURTHER ORDERED** that all remaining motions currently pending before the Court (R. Docs. 85, 115, 116, 117, 118) are **DENIED AS MOOT**.

New Orleans, Louisiana, this 10th day of April 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**